1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DISVISION

PAUL HERNANDEZ,                              ) Case No. C 14-4475 PSG (PR)
                                             )
              Petitioner,                    ) **ORDER TO SHOW CAUSE WHY**
                                             ) **PETITION SHOULD NOT BE**
   v.                                        ) **DISMISSED FOR FAILURE TO**
                                             ) **EXHAUST STATE REMEDIES**
SANTA CLARA COUNTY,                          )
                                             )
              Respondent.                    )
_____          )

        Paul Hernandez, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.[1]  Hernandez has paid the filing fee.  The court issues an order to

show cause for Hernandez to demonstrate why the petition should not be dismissed without

prejudice because he has not exhausted his state court remedies.

                                    **BACKGROUND**

        In the underlying federal petition, Hernandez challenges the criminal judgment imposed

upon him on July 31, 2013, following a guilty plea in the Superior Court of Santa Clara County.

Hernandez concedes that he has not raised any claims in the California Supreme Court.

_____

[1] On October 6, 2014, Hernandez consented to magistrate judge jurisdiction.

Case No. C 14-4475 PSG (PR)
ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR
FAILURE TO EXHAUST STATE REMEDIES

**DISCUSSION**

Prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.[2]

At the time Hernandez filed the federal petition, it appeared that Hernandez had been convicted of criminal charges but he had not filed a direct appeal or pursued any other state proceeding challenging his criminal convictions except for one state habeas petition filed in the Superior Court.  Thus, the court issues an order to show cause for Hernandez to demonstrate why the petition should not be dismissed without prejudice to refiling once he exhausts his federal claims in state court.

Hernandez shall file a response within thirty (30) days of the filing date of this order addressing: (1) whether he has a habeas petition, appeal, or other post-conviction proceeding now pending before the state court; and, if so, (2) whether the underlying petition challenges the same commitment at issue in his pending state case(s).  Failure to file a timely response will result in the court dismissing the instant petition without prejudice for failure to exhaust state court remedies.

It is Hernandez's responsibility to prosecute this case.  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __12/29/2014__

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

---

[2]  *See* 28 U.S.C. § 2254(b)-(c).

Case No. C 14-4475 PSG (PR)
ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR
FAILURE TO EXHAUST STATE REMEDIES