IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL HERNANDEZ,<br><br>    Petitioner,<br><br>  v.<br><br>SANTA CLARA COUNTY,<br><br>    Respondent. | Case No. C 14-4475 PSG (PR)<br><br>**ORDER OF DISMISSAL** |

     Paul Hernandez, a California state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the underlying federal petition, Hernandez challenged the criminal judgment against him, and conceded that he had not raised any claims in the California Supreme Court. On January 22, 2015, the court issued an order to Hernandez to show cause why the petition should not be dismissed for failure to exhaust state remedies. Although Hernandez was warned that the failure to file a timely response would result in the dismissal of this case, Hernandez did not file a response.

     As the court previously advised Hernandez, prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair

Case No. C 14-4475 PSG (PR)
ORDER OF DISMISSAL

opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal court.[1]  The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts.[2]  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.[3]  A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.[4]

According to Hernandez's petition, it appears that Hernandez has been convicted of criminal charges, but Hernandez had not filed a direct appeal or pursued any other state proceeding challenging his criminal convictions except for one state habeas petition filed in the Superior Court.  Thus, it appears that Hernandez has not fairly presented his claims in the underlying federal petition of habeas corpus to the highest state court.  Accordingly, the court DISMISSES this action without prejudice for failure to exhaust.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.[5]  Hernandez has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[6]  Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: __5/8/2015__

PAUL S. GREWAL
United States Magistrate Judge

---

[1] *See* 28 U.S.C. § 2254(b)-(c).

[2] *See Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

[3] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

[4] *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

[5] *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

[6] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Case No. C 14-4475 PSG (PR)
ORDER OF DISMISSAL            2